**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

LATRONE A.  HICKS                                                     PETITIONER


VS.                              2:16-CV-00146 KGB-JTR


C V RIVERA, Warden,
FCI – Forrest City                                                     RESPONDENT


## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker.  You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Introduction

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Latrone Hicks ("Hicks"), who is currently incarcerated at the Forrest City, Arkansas, Federal Correctional Institution.  *Doc. 1*.  In the petition, Hicks challenges a jury conviction and sentence imposed by the United

States District Court for the District of South Carolina (Spartanburg Division). *United States v. Hicks*, 7:07-1467-MGL-42 (D. South Carolina) ("*Hicks I*"). The relevant facts supporting Hick's collateral attack on his federal sentence are set forth below.

On February 25, 2009, a jury in *Hicks I* found Hicks guilty of conspiracy to possess with intent to distribute cocaine and cocaine base. The jury found that Hicks was responsible for 72 kilograms of cocaine and 36 kilograms of cocaine base. On September 1, 2009, Hicks was sentenced to 360 months' imprisonment.

Hicks appealed. On January 6, 2011, the Fourth Circuit Court of Appeals affirmed. *United States v. Latrone Antonio Hicks*, No. 09-4852 (4th Cir. January 6, 2011) (per curiam) (unpublished). The Fourth Circuit ruled the trial evidence was sufficient to support Hicks' conviction, and the sentence imposed was substantively reasonable.

On October 7, 2011, Hicks filed a Motion to Vacate or Set Aside the Sentence pursuant to 28 U.S.C. § 2255. *Hicks I, Doc. No. 1772*. Hicks asserted multiple claims of ineffective assistance of trial and appeal counsel and trial court error. On February 6, 2015, all of Hicks' claims were found to be without merit, his § 2255

petition was dismissed, and a certificate of appealability was denied.[1]  *Hicks I*, *Doc. No. 2041*.

On November 7, 2016, Hicks filed the § 2241 habeas action now before this Court.  In his § 2241 petition, he argues that he is "actually innocent" of the conviction in *Hicks I*.  *Doc. 1 at 6*.  Hicks contends that:  (1)  the government relied on testimony from a witness, Michael Jacobs, who was "not cleared by" the presiding trial judge;  and (2) the evidence was insufficient to support the conviction. *Id. at 10-13*.

## II. Discussion

In conducting an initial review of Hick's habeas corpus petition, this Court may summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243.  As part of that initial review, the Court is also obligated to decide whether it has subject matter jurisdiction. *See Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*").

---

[1] Following the denial of § 2255 relief, Hicks continued to file various motions in *Hicks I*, several of which were construed as § 2255 motions and denied as successive.  *See*, e.g., *Hicks I*, *Doc. No. 2184* (October 8, 2016 Text Order denying Hicks' Motion for Leave of Court and Motion for Rehearing on Motion for Directed Verdict);  *Doc. No. 2219* (January 18, 2017 Text Order denying Hick's Motions for Suppression Hearing and Motion to Appoint Counsel).

Jurisdiction over a federal prisoner's collateral attack on his conviction or sentence is governed by the well-recognized distinction between claims that attack the *validity* of a federal conviction or sentence, and claims that challenge the *execution* of a federal sentence. As a general rule, collateral challenges to a federal conviction or sentence *must* be raised in a motion to vacate filed in the *sentencing court* under 28 U.S.C. § 2255, rather than by a habeas petition filed in the *court of incarceration* under 28 U.S.C. § 2241. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *Abdullah v. Hedrick,* 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

A limited exception to this rule is found in the "savings clause" of § 2255(e), which permits a federal court in the district of incarceration to entertain a § 2241 habeas petition challenging the validity of a conviction or sentence *only if* the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Hill v. Morrison,* 349 F.3d 1089, 1091 (8th Cir. 2003). Stated differently, the court of incarceration has subject matter jurisdiction over a collateral attack on a conviction or sentence rendered by another district court *only if* the remedies in the sentencing district are inadequate or ineffective. A petitioner bears the burden of demonstrating

4

that the § 2255 remedy is inadequate or ineffective.  *Lopez-Lopez*, 590 F.3d at 907;

*Hill,* 349 F.3d at 1091.

While Hicks summarily asserts that his § 2255 remedy was "inadequate or

ineffective," he fails to present any facts or legal support for this contention.

Instead, his implicit argument seems to be that, since he failed to obtain relief on his

§ 2255 petition, the remedy must have been both inadequate and ineffective.   This

argument fails.

The Eighth Circuit, in defining what is meant by "inadequate or ineffective,"

has held that there must be more shown than merely a procedural bar to bringing a

§ 2255 motion.  A § 2255 motion is not "inadequate or ineffective" merely because:

(1) "§ 2255 relief has already been denied;" (2) "the petitioner has been denied

permission to file a second or successive § 2255 motion;" (3) "a second or successive

§ 2255 motion has been dismissed"; or (4) "the petitioner has allowed the one year

statute of limitations and/or grace period to expire".  *See United States v. Lurie,* 207

F.3d 1075, 1077 (8th Cir. 2000).  In other words, a petitioner cannot file a § 2241

habeas petition because he no longer has any remaining avenues for redress under §

2255.

Because both of Hick's's proposed claims challenge the validity of his federal

convictions, they could and should have been asserted on direct appeal or in the

sentencing court under § 2255.  The Eighth Circuit has consistently held that the

5

"savings clause" may not be invoked to raise an issue under § 2241 which could have been, or actually was, raised in a direct appeal or a § 2255 motion in the sentencing district. *Lopez-Lopez v. Sanders*, 590 F.3d at 907;  *Hill*, 349 F.3d at 1092; *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009).

### III. Conclusion

This Court lacks subject matter jurisdiction under § 2241 to consider Hick's challenge to the sentence imposed by the United States District Court for the District of South Carolina in *Hicks I*.

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus (*Doc. 1*) be DISMISSED, without prejudice.

Dated this 13th day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE